SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Davis, | No. CV 07-0424-PHX-DGC (MEA) |
|     Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al. | |
|     Defendants. | |

Plaintiff Michael Davis brought this civil rights action against various officials of the Maricopa County Sheriff's Office. Defendants Sergeant Despain, Officer Gilliam, Sergeant Glee, Officer Grubs, and Officer Hoffine (Defendants) move to dismiss the matter for failure to state a claim. (Doc. #17.) Specifically, they argue that because Plaintiff failed to allege in his Complaint that he suffered any physical injury as a result of the alleged conduct of Defendants, Plaintiff's claim is precluded under 42 U.S.C. § 1997e. The motion is fully briefed. (Doc. ##20, 21.) The Court will deny the motion.

**I.     Background**

Plaintiff alleged that his First, Eighth, and Fourteenth Amendment rights were violated when Gilliam, Glee, Grubbs, and Hoffine falsified disciplinary action reports against him. (Doc. #1, Ex. A.) Plaintiff further alleged that in response to a falsified disciplinary ticket, Despain placed Plaintiff on an administrative food-loaf diet and placed certain restrictions on him. (Id.).

## II.     Constitutional Claims

At all times relevant to Plaintiff's Complaint, Plaintiff was a pretrial detainee. The inquiry with respect to pretrial detainees is whether the prison conditions amount to "punishment" without due process in violation of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. "There are, however, limits on the extent to which pretrial detainees may claim that they are being punished in violation of the fourteenth amendment. The government has 'legitimate interests that stem from its need to manage the facility in which the individual is detained.'" Redman v. Co. of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991). The issue in Bell was whether the conditions of confinement amounted to punishment; the Court held that they did not. Bell, 441 U.S. at 541.

"Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards." Id. "[A]n institution's obligation under the Eighth Amendment is at an end if it furnishes . . . prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981); see also LeMaire v. Maas, 12 F.3d 1444, 1455 (9th Cir. 1993) (a temporary nutraloaf diet does not deny an inmate the minimal civilized necessities of life).

Moreover, notwithstanding Bell, pretrial detainees are not free to violate jail rules with impunity. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996). But pretrial detainees may be subjected to disciplinary segregation only if they are provided with a due process hearing to determine whether they have, in fact, violated a rule. Id. Procedural due process safeguards in a prison disciplinary hearing require that the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written

statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).

Once these Wolff procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some facts." Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (citation omitted). Due process requires simply "that there be some evidence to support the findings made in the disciplinary hearing." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Where an inmate is provided procedural due process protections, the filing of false disciplinary charges is not actionable under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan, 747 F.2d at 1141; Price v. Bjelland, 2005 WL 3273557,*3 (D. Ariz. 2005).

**III.    Motion**

    **A.    Parties' Contentions**

Defendants argue that this action should be dismissed because Plaintiff has not alleged a "physical injury" as an element of his claim. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

Plaintiff responds that as a result of Defendants' actions, he experienced denial of various rights, such as clothing, hygiene, and legal calls; and privileges, such as recreations and library access; and that he was subjected to medical problems, sleep deprivation, and other conditions. (Doc. #20 at 2.) Defendants argue in their reply that Plaintiff's Complaint alleges no injury, let alone a sufficiently serious one. (Doc. #21 at 2.)

**B.     Analysis**

The term "physical injury" is a term of art particular to 42 U.S.C. § 1997e(e), which provides that a prisoner may not bring a civil action for mental or emotional injury without a prior showing of "physical injury."  Oliver, 289 F.3d at 629.  This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury" is *de minimis*.  Id.  But the Ninth Circuit has held that to the extent that a plaintiff has actionable claims for compensatory, nominal, or punitive damages premised on violations of constitutional rights, and not on mental or emotional injuries, § 1997 is not a bar to such claims.  Id. at 630.  In Oliver, the plaintiff's complaint sought punitive damages and was construed to be "consistent with a claim for nominal damages."  Id. at 630 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are to be liberally construed)).  The Court determined that even absent physical injury, a prisoner was entitled to seek compensatory, nominal, and punitive damages premised on violations of his Fourteenth Amendment rights.  Oliver, 289 F.3d at 629-30; see also Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (§ 1997 does not apply to First Amendment claims).

Thus, to the extent that Plaintiff has actionable claims for compensatory, nominal, and punitive damages based on violations of his Fourteenth Amendment rights, his claims are not barred by § 1997e(e).  Moreover, Plaintiff does not bring any claims for mental or emotional injuries; rather, he alleged violations of his constitutional rights and specifically sought damages. (Doc. #1, Ex. A.)

The issues raised in the Defendants' motion may be addressed in a motion for summary judgment.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #17) is **denied**.

DATED this 22nd day of April, 2008.

_____
David G. Campbell
United States District Judge

- 4 -