**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Davis,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>    Defendants. | No. CV-07-424-PHX-LOA<br><br>**ORDER** |

Plaintiff has filed a Motion to Force ADOC to Provide Plaintiff with Additional Legal Supplies and Motion for Injunction. (docket ## 76, 80) Because both Motions deal with a non-party, Defendants have not formally responded. The Court will deny both Motions.

## **BACKGROUND**

Plaintiff is a *pro se* prisoner who is currently housed in the high-security Special Management Unit ("SMU") 2 at the Arizona Department of Corrections ("ADOC") in Florence, Arizona. On November 22, 2006, Plaintiff filed this §1983 action against Defendants Joseph Arpaio, *et al.* in the Maricopa County Superior Court. (docket 1-1, Exhibit A at 7-12) Defendants removed this action to this District Court on February 22, 2007. (docket # 1) On November 16, 2009, the formerly-assigned District Judge, the Hon. David G. Campbell, found that Plaintiff had successfully created a question of fact "as to Plaintiff's claim for denial of procedural due process before punishment as to the [disciplinary action reports] charging threatening." (docket # 70 at 13) Shortly thereafter, the parties expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636 (c) and Rule 73, Fed.R.Civ.P., with

1 | the approval of District Judge Campbell. (docket # 74)  The Final Pretrial Conference is set for
2 | Tuesday, March 23, 2010 at 10:00 a.m. in Courtroom 302 at the Sandra Day O'Connor U.S.
3 | Courthouse in Phoenix. (docket # 84)

## MOTION FOR SUPPLIES

On February 2, 2010, Defendants' counsel gratuitously mailed the following to Plaintiff: two legal pads, ten plain white envelopes and two pen fillers. Said supplies were mailed to Michael Davis #77904 at Arizona State Prison – Florence, Special Management Unit 2, Post Office Box 3400, Florence, Arizona 85132. (docket # 83) The Court has not received any notice from Plaintiff that the Arizona State Prison officials have denied him use of these materials. In light of defense counsel's gifts to Plaintiff, this Motion will be denied as moot.

## MOTION FOR INJUNCTION

Plaintiff's Motion for Injunction requests the Court "to order [Arizona Department of Corrections "ADOC"] to stop treating [Plaintiff] in an unconstitutional matter (sic) witch (sic) places [his] life in immediate danger and deprives [Plaintiff] of [his] constitutional rights." (docket # 80 at 1) Specifically, Plaintiff complains that other inmates at the SMU Unit 2 throw feces and urine out of their cells onto the floor and walls and ADOC employees simply mop it up rather than using a decontamination crew. Plaintiff contends the poor cleaning "could cause life threatening diseases." (*Id.*)

Plaintiff's Motion for Injunction also alleges that the ADOC "hinders, obstructs, delays, or attempts to deprive inmates (i.e. me) the right to prosicute (sic)  there (sic) claims in the courts." (*Id.* at 2) Plaintiff complains of the Resource Librarian T. Dixon denies him access to legal materials, like text books, forms, etc., for "allegedly not turning back in the Arizona Constitution." He alleges this denial violates *Lewis v. Casey*, 518 U.S. 343 (1996).

Plaintiff's Motion for Injunction seeks an injunction "to prevent ADOC from placing his health/life in immenent (sic) and immediate harms way," and to "order ADOC to stop hindering, obstructing, delaying or otherwise denying [him] legal access to resource materials/law library access. (*Id.* at 2-3)

//

## **LAW ON INJUNCTIONS**

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998).

## **DISCUSSION**

The Court must determine if Plaintiff has met all the elements of the test for a preliminary injunction—"that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. The Court holds that it cannot find that Plaintiff is likely to succeed on the merits of his claims; therefore, he is not entitled to the relief that he seeks.

First, the Arizona Department of Corrections is not a Defendant in this lawsuit. Secondly, Plaintiff's Motion does not even indicate that Plaintiff served a copy of his Motion for Injunction on the Arizona Department of Corrections, much less in a proper manner required by Rules 4 and 5, FED.R.CIV.P. These flaws are fatal in themselves to his Motion.

Thirdly, the right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Casey*, 518 U.S. at 354; *Cornett v. Donovan*, 51 F.3d 894, 898

(9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."). There is no abstract, freestanding right to a law library or legal assistance. *Casey*, 518 U.S. at 351. An inmate cannot establish actual injury "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. In an access-to-the-court claim, the inmate must submit evidence showing an "actual injury" resulting from defendants' actions. *Id*. at 343. With respect to an existing case, the actual injury must be "actual prejudice" . . . "such as the inability to meet a filing deadline or to present a claim." *Id*. at 348.

Plaintiff is not entitled to any specific amount of time in the library. *Id*. at 354. Moreover, Plaintiff has submitted nothing but speculation that he will be unable to meet filing deadlines or to prepare for trial. In fact, despite his incarceration in a high-security unit, Plaintiff has represented himself quite well in this litigation and has been successful in creating an issue of fact for jury resolution. Plaintiff must demonstrate that he is likely to suffer irreparable harm; mere speculation is insufficient. Mere "*[s]peculative* injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F. 2d 668, 674-675 (9th Cir. 1988) (emphasis added).

Even if ADOC were a Defendant in this case, Plaintiff must demonstrate that he is likely to suffer irreparable harm by the manner in which the SMU Unit is being cleaned. Acknowledging ADOC does mop up the feces and urine thrown by other inmates out of their cells onto the floors and walls, Plaintiff speculates that ADOC does not use an appropriate disinfectant.

**IT IS ORDERED** that Plaintiff's Motion to Force ADOC to Provide Plaintiff with Additional Legal Supplies, docket # 76, and Motion for Injunction, docket # 80, are **DENIED**.

Dated this 23rd day of February, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge