**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Davis,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>    Defendants. | No. CV-07-424-PHX-LOA<br><br>**ORDER** |

This matter arises on Defendants' Motion to Extend the Deadlines for Motions *In Limine* , filed on February 24, 2010. (docket # 90) Defendants request that the Court extend the time for the parties to file motions *in limine* from Tuesday, March 2, 2010, the date set in the Court's February 3, 2010 Rule 16 scheduling order, to Friday, March 12, 2010. (docket # 84 at 2) The reason for Defendants' request is that "Plaintiff has not provided a single disclosure statement in this case identifying witnesses or documents that will be presented at trial[,]" so Defendants need more time to "thoroughly prepare" until Defendants "review Plaintiff's list of witness and exhibits as part of the proposed pretrial order." (docket # 90 at 2) The Proposed Joint Final Pretrial Order is due no later than Tuesday, March 16, 2010.

This §1983 action was filed on November 22, 2006 and removed to this District Court on February 22, 2007, over three years ago. (docket ## 1, 1-1, Exhibit A at 7-12) Because defense counsel knew, or should have known, that initial disclosures were not required in actions brought without a lawyer by a person in state custody, Fed. R. Civ. P. 26(a)(1)(B)(iv) [formerly Rule 26(a)(1)(E)(iii)], Defendants had until October 15, 2008, and then to December

1 15, 2008, to submit discovery requests to Plaintiff to ascertain the witnesses and exhibits
2 Plaintiff intended to call and use at trial. (docket ## 24 at 2, 35) Apparently they did not serve
3 any such discovery. Moreover, shortly after the parties consented to magistrate-judge
4 jurisdiction in December, 2009, docket # 74, the undersigned Magistrate Judge ordered a Rule
5 16 status conference for Tuesday, February 2, 2010 for the purpose of scheduling the trial dates,
6 final pretrial conference and other deadlines for the judicial management of this three-year-old
7 case. (docket # 77)

At the February 2, 2010 conference, Plaintiff appeared telephonically and defense counsel was physically present whereupon the parties agreed upon mutually convenient dates to resolve this case. At no time did Defendants' counsel complain about not knowing the identity of Plaintiff's trial witnesses and exhibits or request that the motions *in limine* deadline be set after the filing deadline for the Proposed Joint Final Pretrial Order. Although at times the telephone connection with Plaintiff at the SMU Unit 2 was poor, the Court recalls that Plaintiff informed the Court and defense counsel that he would like to call as witnesses all current or former defendants in this case. Further, continuing the motions *in limine* deadline at this time would jeopardize the balance of the other deadlines set to resolve this case and give Plaintiff only 4 days, until Tuesday, March 16, 2010, to file his responses to Defendants' motions *in limine*.

Finally, the Ninth Circuit made clear that "Federal Rule of Civil Procedure 16 is to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The dates and deadlines in the Court's February 3, 2010 Rule 16 scheduling order are **real**, **firm**, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq*., **will not be altered** except only upon a showing of good cause and by leave of the assigned trial judge.

Due to the age of this case and good cause not appearing,

**IT IS ORDERED** that Defendant's request for expedited consideration is

///

**GRANTED** and all other requested relief in Defendants' Motion to Extend the Deadlines for Motions *In Limine*, docket # 90, is **DENIED**.

Dated this 25th day of February, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge